Filed 11/18/21  P. v. Mack CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EVYN DELAYNE MACK,<br><br>        Defendant and Appellant. | B309396<br><br>(Los Angeles County<br>Super. Ct. No. MA024413) |

        APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.
        Spolin Law and Aaron Spolin for Defendant and Appellant.
        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Evyn Delayne Mack of numerous crimes in 2003 after he robbed a bank when he was 23 years old.  In 2020, Mack filed a motion for a *Franklin*[1] proceeding.  The trial court denied the motion, concluding that Mack was ineligible for a youth offender parole hearing under Penal Code[2] section 3051, subdivision (h) because he was sentenced pursuant to the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) and therefore not entitled to a *Franklin* proceeding.  Mack contends that this was error because eligibility for a youth offender parole hearing is not a prerequisite to a *Franklin* proceeding.  For the following reasons, we affirm.

## BACKGROUND

The following facts are taken from the opinion of a different panel of this Division in *People v. Washington* (2005) 127 Cal.App.4th 290.

In April 2002, Mack and his codefendant Mark Johahn Washington committed a take-over robbery of a bank.  During the robbery, Mack struck a teller in the face and threatened other bank employees with what appeared to be a handgun wrapped in a bandana.  Washington pointed a shotgun at the bank manager's head, demanding that she open the bank vault.  Mack and Washington took the cash from the vault and fled.  (*People v. Washington, supra,* 127 Cal.App.4th at pp. 295–296.)

Shortly after the robbery, sheriff's deputies found Mack and Washington in a house nearby.  The deputies recovered $128,835 in cash, including five marked bills the bank previously had

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

[2] All further statutory references are to the Penal Code.

2

recorded in the event of a robbery.  A loaded shotgun was found in the bathroom closet.  (*People v. Washington*, *supra*, 127 Cal.App.4th at p. 296.)

An amended information charged Mack with two counts of kidnapping to commit robbery (§ 209, subd. (b)(1)), three counts of robbery (§ 211), three counts of assault with a firearm (§ 245, subd. (a)(2)), and eight counts of false imprisonment by violence (§ 236).  The amended information also alleged that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), a principal was armed with a firearm (§ 12022, subd. (a)(1)), and each defendant personally used a firearm (§ 12022.5, subd. (a)).  It was further alleged that Mack had a prior strike conviction for assault with a deadly weapon (§§ 245, subd. (a)(1), 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

A jury found Mack guilty as charged.  On appeal, our Division reversed the convictions of kidnapping to commit robbery, but otherwise affirmed the judgment and remanded for resentencing.  (*People v. Washington*, *supra*, 127 Cal.App.4th at p. 304.)  On remand, the trial court sentenced Mack as a second striker to a determinate term of 35 years four months in prison.

In October 2020, Mack requested a *Franklin* proceeding to "place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing."  The court denied the request, finding Mack was ineligible for a youth offender parole hearing under section 3051, subdivision (h) because Mack was sentenced pursuant to the Three Strikes law, and therefore not entitled to a *Franklin* proceeding.

Mack appealed.

## DISCUSSION

Mack argues the court should have granted his request for a *Franklin* proceeding to afford him the opportunity to preserve evidence of the diminished culpability of his youth at the time of the bank robbery and subsequent maturity for the Board of Parole Hearings (the Board) to consider when he becomes eligible for parole. We disagree.

In response to a series of decisions addressing the Eighth Amendment to the United States Constitution's limits on sentencing juveniles to life imprisonment and developments in neuroscience that recognized children's lack of maturity and underdeveloped sense of responsibility, our Legislature enacted sections 3051 and 4801, subdivision (c). (*Franklin*, *supra*, 63 Cal.4th at pp. 276–277; see *Graham v. Florida* (2010) 560 U.S. 48, 69–70; *Miller v. Alabama* (2012) 567 U.S. 460, 465; *People v. Caballero* (2012) 55 Cal.4th 262, 268.) Section 3051, subdivisions (a)(2)(B) and (b)(1) to (4) provides certain youth offenders serving life sentences or their functional equivalent with a meaningful opportunity for release in their 15th, 20th, or 25th year of incarceration through the youth offender parole hearing process. (*Franklin*, at p. 277.) To be eligible for the youth offender parole hearing process, the youth offender must have committed the controlling offense when the youth offender was 25 years old or younger. (§ 3051, subds. (a)(1), (b)(1).) Section 3051, subdivision (h) expressly excludes from the youth offender parole hearing process certain categories of youth offenders, including those "sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age" and those sentenced under the "One

4

Strike" law[3] (§ 667.61) and the Three Strikes law (§§ 667, 1170.12).

After the enactment of sections 3051 and 4801, subdivision (c), our Supreme Court decided *Franklin*, *supra*, 63 Cal.4th 261. *Franklin*, at page 284, gave a youth offender the opportunity to preserve evidence that would be relevant at a youth offender parole hearing so that the Board could properly discharge its obligation under section 4801, subdivision (c) to give great weight to youth-related factors.

Here, Mack concedes his ineligibility for a youth offender parole hearing under section 3051, subdivision (h), but argues his right to a *Franklin* proceeding is rooted in the plain language of section 4801, subdivision (c) which, irrespective of his eligibility for a youth offender parole hearing, requires the Board to give great weight to mitigating youth-related evidence when a prisoner becomes eligible for parole so long as he committed his controlling offense when he was 25 years old or younger. (§ 3051, subd. (a).) Mack's argument is meritless.

In this case, a *Franklin* proceeding would serve no purpose. As Mack concedes, he is ineligible for parole as a youth offender under section 3051, subdivision (h) because he was sentenced as a second striker. Indeed, Mack is serving a determinate sentence and thus will be released upon completion of a fixed term, reduced by good time and work time credits under section 2933.

---

[3] There is currently a split in authority whether section 3051, subdivision (h)'s exclusion of youth offenders sentenced under the One Strike law violates equal protection. (Compare *People v. Miranda* (2021) 62 Cal.App.5th 162, 186, review granted June 16, 2021, S268384, with *People v. Edwards* (2019) 34 Cal.App.5th 183, 199.)

(§ 3000, subd. (b)(2).)  Though Mack's ineligibility for a youth offender parole hearing may not negate section 4801, subdivision (c)'s mandate that the Board give great weight to mitigating youth-related evidence, he must still establish that he is eligible for a parole hearing where that evidence would be relevant.  (See *In re Brownlee* (2020) 50 Cal.App.5th 720, 725.)  Mack does not claim or establish that there is any process for a parole hearing prior to the date established by his determinate sentence.  Because a *Franklin* proceeding is meant to give offenders the opportunity to preserve evidence of mitigating youth-related evidence to present to the Board at a parole hearing, eligibility for an early parole hearing is prerequisite to a *Franklin* proceeding.  (See *In re Cook* (2019) 7 Cal.5th 439, 451 ["an offender entitled to a hearing under sections 3051 and 4801 may seek the remedy of a *Franklin* proceeding"]; see also *People v. Moore* (2021) 68 Cal.App.5th 856, 861 [rejecting defendant's equal protection challenge to section 3051, subdivision (h) and affirming trial court's denial of a request for *Franklin* proceeding because defendant was sentenced under the Three Strikes law].)

The court properly denied Mack's request for a *Franklin* proceeding.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


WINDHAM, J.*


We concur:



EDMON, P. J.



EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.